1 F.3d 1235
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert Wallace SAIN, Defendant-Appellant.
 No. 92-5543.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 16, 1993.
Decided: July 30, 1993.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Salisbury.
 H. R. Fallin, J. Matthew Martin, MARTIN & MARTIN, P.A., for Appellant.
 Benjamin H. White, Jr., United States Attorney; David B. Smith, Assistant United States Attorney, for Appellee.
 M.D.N.C.
 AFFIRMED.
 Before NIEMEYER, HAMILTON, and WILLIAMS, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Robert Wallace Sain appeals the sentence imposed after his conviction of conspiracy to distribute and to possess with intent to distribute in excess of 1000 kilograms of marijuana, 21 U.S.C.A. Secs. 846, 841(b)(1)(A) (West Supp. 1993). He contends that the district court clearly erred in finding that over 1000 kilograms of marijuana was attributable to him for sentencing purposes. We affirm.
 
 
 2
 At Sain's trial, Thomas Moore testified that he trucked large amounts of marijuana from Texas to North Carolina between 1987 and 1990, and that Sain had been one of several steady customers from early 1988 until February 1990. Moore testified that Sain bought between 4000 and 6000 pounds of marijuana from him. Moore's son and daughter related that they had delivered marijuana or picked up money in payment for marijuana on numerous occasions. Telephone records showed frequent calls between Sain's home and Moore's various homes during the period of the conspiracy. At trial and after his conviction, Sain maintained that he bought only small amounts of marijuana from Moore for personal use.
 
 
 3
 Prior to sentencing, Sain objected to the probation officer's use of 1814.4 kilograms (4000 pounds) of marijuana to calculate a base offense level of thirty-two. United States Sentencing Commission, Guidelines Manual Sec. 2D1.1(c) (Nov. 1991). At the sentencing hearing, he attempted to show that Moore had given inconsistent information about amounts attributable to another co-defendant in a separate trial, and suggested that Moore family members were fabricating evidence against Sain to lessen their own sentences. The only evidence Sain offered as to the amount properly attributable to him, however, was his trial testimony. The district court found that Sain had possessed over 1000 kilograms and sentenced him in accord with the probation officer's recommendations. On appeal, Sain argues that the district court failed to find that the government had proved the amount by a preponderance of the evidence.
 
 
 4
 In a drug conspiracy, relevant conduct includes drug amounts distributed by the defendant personally and also those amounts distributed by co-conspirators which were reasonably foreseeable to the defendant. U.S.S.G. Sec. 1B1.3(a)(1), comment. (n.1). The government's evidence at trial and sentencing, if believed, showed by a preponderance of the evidence that Sain personally purchased 1000 kilograms of marijuana and was aware that Moore was selling equally large amounts to his other customers. While Sain attempted to persuade the district court that Moore's testimony was too unreliable to be credited, see United States v. Hicks, 948 F.2d 877, 883 (4th Cir. 1991), the district court's decision to credit Moore's testimony was a finding that the government had met its burden of proof and is not clearly erroneous. Moore's testimony was corroborated by the telephone records. The court also had before it information concerning Sain's June 1990 arrest in Florida where he and his brother attempted to buy $50,000 worth of marijuana from an undercover agent, which undercut the credibility of Sain's exculpatory testimony.
 
 
 5
 We therefore affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED